## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| FIVE TEN TEXAS III LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:14-CV-0355-N-BH** |
| | ) | |
| JUAN CESAR SOTO | ) | |
| *and all occupants*, | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this *pro se* case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, this case should be **REMANDED** to the state court.

### I. BACKGROUND

On October 31, 2013, Five Ten Texas III LLC (Plaintiff) filed a complaint for forcible detainer against Juan Cesar Soto (Defendant) and the occupants of 1029 Carriagehouse Lane, Garland, Texas, 75040 (the Property) in Justice of the Peace Court, Precinct 2, Place 2, of Dallas County, Texas.  (*See* doc. 3 at 32-35.)[1]  Plaintiff recovered a judgment against Defendant, and an Isabel C. Soto (Ms. Soto) appealed the judgment to County Court at Law No. 3, Dallas County, Texas.  (*Id.* at 13, 15.)

On January 29, 2014, Ms. Soto filed a notice of removal, listing herself as attorney for Defendant.  (*Id.* at 2.)  She also filed an *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, that was signed only by her.  (*See* docs. 3, 4.)  Ms. Soto does not appear to be an attorney.  An order dated January 30, 2014, notified Ms. Soto that she

---

[1]   Citations refer to the cm/ecf system page number at the top of each page.

could not represent Defendant:

> Ms. Soto may not represent Defendant in this case, even if he is her spouse.  If Defendant seeks to remove the action on his own behalf, he must file an amended notice of removal of the claims against him that is signed by him **within TEN (10) days from the date of this order**.  If Defendant and Ms. Soto jointly seek to remove the state action on behalf of both, they must jointly file an amended notice of removal that indicates that the action is being removed on behalf of both and that is signed by both parties **within TEN (10) days from the date of this order**.  *See* Fed. R. Civ. P. 11(a) (requiring that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party).

> To the extent that Defendant seeks to proceed *in forma pauperis* in this case, he must also file his own **properly signed and completed application within TEN (10) days from the date of this order.**

> Failure to comply with this order may result in the dismissal of the suit under Federal Rule of Civil Procedure 41(b).

(*See* doc. 6.)  More than ten days have passed, but Defendant has not filed his own notice of removal under his own signature, or an application to proceed *in forma pauperis*, and the Sotos have not filed a joint amended notice of removal that has been signed by both.  Nor has Ms. Soto filed anything else.

## II. REPRESENTATION BY A NON-LAWYER

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C.A. § 1654.  "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however.  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By order issued January 30, 2014, Ms. Soto was advised that she could not proceed with this action on behalf of Defendant, and that he must either file his own notice of removal within

ten days, or they must jointly file an amended notice of removal signed by both.  (*See* doc. 6.)

Defendant has not filed anything, and the parties have not filed a joint amended notice of

removal signed by both.  Because he has not shown that he intended to remove this action or to

defend this removed action, and Ms. Soto may not remove or defend this action on his behalf

because she is not an attorney, the claims against Defendant should be remanded.

### III.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing

federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*,

243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for

their jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

They may *sua sponte* raise the jurisdictional issue at any time.  *Id.*; *EEOC v. Agro Distrib., LLC*,

555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a

court must consider *sua sponte* whether jurisdiction is proper).  Accordingly, the Court must *sua

sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district

court has original jurisdiction over that action. 28 U.S.C. § 1441(a).  A district court's original

jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§

1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution,

laws, or treaties of the United States. *Id.* § 1331.  Diversity jurisdiction exists in all civil actions

where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

## A.     Citizenship

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because the notice of removal "distinctly and affirmatively" alleges the parties' citizenship, Ms. Soto has met her burden to show diversity of citizenship.

## B.     Amount in Controversy

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the

4

claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issue raised by Plaintiff's state court forcible detainer action is the right to possession. Plaintiff does not seek money damages, dispute the title to property, or seek any debt related to the property, so Ms. Soto cannot show that the amount in controversy requirement for diversity jurisdiction has been met. Consequently, she has not shown any basis for the exercise of subject-matter jurisdiction over any claims against her.

### IV. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the County Court at Law No. 3 of Dallas County, Texas.

**SO RECOMMENDED on this 14th day of February, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6